IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 23-cv-01722-NYW-NRN

DAWUD HABIB TAYLOR EL,

    Plaintiff,

v.

REGIONAL TRANSPORTATION DISTRICT,
ROGER VESELY,
WILL ADAMS, and
AMERIE GAGLIARDI,

    Defendants.

---

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION

This matter is before the Court on the Recommendation of United States Magistrate Judge N. Reid Neureiter issued on November 8, 2023.  [Doc. 32].  Judge Neureiter recommends that the Motion to Dismiss filed by Defendants Will Adams and Amerie Gagliardi, [Doc. 19], be granted because Title VII of the Civil Rights Act of 1964 does not impose liability against individual employees.  [Doc. 32 at 1, 3].

The Recommendation states that objections to the Recommendation must be filed within 14 days after its service on the Parties.  [*Id*. at 4]; *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).  No Party has objected to the Recommendation and the time to do so has elapsed.[1]

---

[1] This Court recognizes that Plaintiff Dawud Habib Taylor El ("Mr. Taylor El") is proceeding without an attorney.  Because Mr. Taylor El is pro se, this Court reads his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  But Mr. Taylor El is still bound by the same procedural rules and substantive law as a represented party.  *Garret v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[2] Fed. R. Civ. P. 72(b), advisory committee's note to 1983 amendment. Based on this review, the Court has concluded that the Recommendation is thorough, well-reasoned, and a correct application of the facts and the law.

Accordingly, it is **ORDERED** that:

(1) The Recommendation of United States Magistrate Judge N. Reid Neureiter [Doc. 32] is **ADOPTED**;

(2) The Motion to Dismiss filed by Defendants Will Adams and Amerie Gagliardi [Doc. 19] is **GRANTED**;

(3) Plaintiff's claims against individual Defendants Will Adams and Amerie Gagliardi are **DISMISSED with prejudice**;[3] and

---

[2] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a *de novo* review. Fed. R. Civ. P. 72(b).

[3] A dismissal with prejudice is appropriate where, as here, the "complaint fails to state a claim for relief under Rule 12(b)(6) and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006). An amendment of the Complaint [Doc. 1; Doc. 4] is futile, because any amendment will not change the legal principle that Title VII does not allow individual liability against non-employer employees.

(4) The Clerk of Court shall mail a copy of this Order to:

>Dawud Habib Taylor El
>2371 Florence
>Aurora, CO 80010

DATED:  December 6, 2023

BY THE COURT:

_____
Nina Y. Wang
United States District Judge